```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| US LEC COMMUNICATIONS LLC, et al., | HON. JEROME B. SIMANDLE |
| | Civil No. 10-4106 (JBS/JS) |
| Plaintiffs, | |
| v. | **OPINION** |
| QWEST COMMUNICATIONS COMPANY, LLC, | |
| Defendant. | |

APPEARANCES:

Donna T. Urban, Esq.
FLASTER GREENBERG, PC
1810 Chapel Avenue West
Cherry Hill, NJ 08002-4609
    Counsel for Plaintiffs

Albert M. Belmont, III, Esq.
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102
    -and-
Gavin P. Lentz, Esq.
BOCHETTO & LENTZ, PC
1230 Brace Road
Cherry Hill, NJ 08034
    Counsel for Defendant

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

This matter, an effort to collect payment for telecommunications services that were initially billed at a rate lower than the putatively applicable rate, is before the Court on Defendant's motion to dismiss. [Docket Item 10.] Defendant maintains that a portion of Plaintiffs' claims are time-barred,

and that Plaintiffs' common law claims are foreclosed by the various states' regulations regarding telecommunications tariffs. Defendant also seeks to dismiss Plaintiffs' declaratory judgment claim. During the pendency of this motion, Plaintiffs filed an Amended Complaint. [Docket Item 29.] The Amended Complaint moots part of the motion to dismiss, but the Court will decide the motion as it relates to the unchanged portions of the Amended Complaint.

## II.  BACKGROUND

Plaintiffs are ten local exchange carriers with a shared sole member company, US LEC LLC. Local exchange carriers are utilities that provide local telephone service to consumers and businesses at their landline telephones. Among the services they provide is access for other carriers, so-called interexchange carriers, to originate from or connect calls to end-user landline phones. The rates charged by local exchange carriers to interexchange carriers for these services are set by access tariffs filed with and approved by state and federal regulators, with different tariffs for intrastate and interstate exchange charges.

Plaintiffs have filed access tariffs with the state public utility commissions of sixteen states that govern the rates that users are required to pay Plaintiffs for the provision of

intrastate switched access services in those states.[1]  In March 2009, Plaintiffs determined that since July 1, 2006 they had been undercharging Defendant Qwest Communications Company, LLC, one of the interexchange carriers that uses their intrastate access services.  According the Complaint, Plaintiffs issued corrected billing in April 2009, and that billing, which exceeds $1.5 million, remains unpaid by Defendant.  The Complaint addressed by this motion did not specify for what period Plaintiffs are attempting to collect for the underpayments, but the Amended Complaint states that the period is April 2007 through February 2009.  (Am. Compl. ¶ 31.)

   Plaintiffs bring this action against Defendant for collection of the unpaid corrected invoices.  They allege that under the relevant states' telecommunications laws, Defendant is required to pay the full amount of the duly filed tariffs (Count I), that Defendants breached a settlement agreement entered between the parties (Count II), and that, in the alternative, the common law of quantum meruit (Count III) and unjust enrichment (Count IV) require compensation paid to Plaintiffs.  Finally, Plaintiffs seek declaratory judgment that Defendant is required to pay the full amount of the tariffs for past and future

---

[1]  The states include Alabama, Delaware, Florida, Georgia, Indiana, Kentucky, Louisiana, Maryland, Mississippi, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Tennessee, Virginia.

services (Count V).

In this motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant argues that some portion of Plaintiffs' claims are time-barred because of limitations imposed on billing by some state's regulations or by the terms of the tariffs themselves. Defendant also argues that Plaintiffs' common law quasi-contract claims for quantum meruit and unjust enrichment are displaced by the telecommunications regulations. Finally, Defendant moves to dismiss the declaratory judgment count as duplicative and because it is displaced by state regulations.

### III. DISCUSSION

#### A. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading that states a claim for relief need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. In deciding Defendant's motion to dismiss, the Court must look to the face of the Complaint and decide, taking all of the allegations of fact as true and construing them in a light most favorable to Plaintiffs, whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  A plaintiff is obligated to "provide the 'grounds' of his 'entitle[ment] to relief,'" which requires more than "labels and conclusions," but he is not required to lay out "detailed factual allegations," Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986).  A complaint must contain facially plausible claims, that is, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly, 550 U.S. at 556.

### B. Time Limitations

Some of the state regulations at issue in this case, and some of the tariffs themselves, contain limitations on the time period for which Plaintiffs are able to bill customers for their services.  For example, the South Carolina regulations provide that "If the interval during which a customer was undercharged can be determined, then the telephone utility may collect the deficient amount incurred during the entire interval up to a maximum period of six months."  S.C. Code Ann. Regs. 103-623.4(a).  Defendant seeks to dismiss that portion of each claim that exceeds the time limits contained in each state law or approved tariff.

     The version of the complaint addressed by this motion did not state the period for which Plaintiffs were attempting to bill Defendant, and therefore a motion to dismiss pursuant to Rule 12(b)(6) was premature.  The Amended Complaint adds new allegations, making clear that the billing went back to April 2007.  Nevertheless, the Court declines to attempt to apply this aspect of the motion to the newly altered pleading for two reasons.  First, the motion was improper when filed, and the Court is uncomfortable applying it to pleadings that have since changed.  And second, Defendant apparently regarded it as self-evident that the variously-worded time limitations all apply to the billing of interexchange carriers for underpayment of tariffs based on improperly calculated invoices.  But the proper interpretation of those regulations and the relevant provisions of the tariffs is not so self-evident as to require nothing more from Defendant than citing them.  Indeed, the context of at least some of the time limitations suggest that references to "customers" and "subcribers" refers to end-users paying for the landline service.  See, e.g., Tenn. Comp. R. & Regs. 1220-4-2-.58(2)(e) ("Intrastate and interstate charges shall be listed on the subscriber's telephone bill within three (3) billing cycles after the service was provided."); Fl. Pub. Util. Comm'n R. 25-4.110 (referring to customers as an entity distinct from interexchange carriers).

Therefore, since this aspect of the motion has been materially altered by the change in the Amended Complaint, and since the motion insufficiently explained the applicability of each relevant regulation, the Court will deny this aspect of the motion without prejudice to filing a renewed motion addressing the applicability of each regulation and applying it to the newly pleaded facts of the Amended Complaint.

### C. Quasi-Contract Claims

Plaintiffs pleaded two quasi-contract in the alternative to their claims pursuant to the tariffs themselves, in recognition of the possibility that Defendant may argue that the tariffs do not apply to the services for which Plaintiffs are attempting to bill.  See Manhattan Telecommunications Corp. v. Global NAPS, Inc., No. 08 Civ. 3829 (JSR), 2010 WL 1326095, at *3 (S.D.N.Y. March 31, 2010) ("[A]lthough the Court concludes that the filed tariff rates cannot be applied to the facts of this dispute, the Court concludes that the inability to apply the tariff regime as it stands does not preclude MetTel's entitlement to recover in equity.").  The Federal Rules of Civil Procedure endorse this kind of pleading.  See Fed. R. Civ. P. 8(d)(2).

Defendant argues that the facts pleaded make it clear that the access tariffs do apply to these services, entitling Defendant to dismissal of the alternative claims for quantum

7

meruit and unjust enrichment.  But allegations made in a pleading do not forbid Defendant from contradicting those allegations or adducing additional relevant facts.  Therefore, the Court cannot at this stage conclusively determine that the tariffs apply to the allegedly underpaid charges.  Since Defendant is not necessarily estopped from arguing that the tariffs do not apply to these services solely by its representation at this stage that it does not intend to do so, the Court must deny the motion to dismiss these alternative grounds for relief.

### D.  Declaratory Judgment

Defendant asserts that Plaintiffs' claim for declaratory judgment is duplicative of Plaintiffs' other claims and that the various state utility commissions are the proper forum for determining the general validity of the tariff rates, citing <u>MCI Telecomms. Corp. v. Teleconcepts, Inc.</u>, 71 F.3d 1086, 1103-05 (3d Cir. 1995) (holding that Pennsylvania's public utility commission had primary jurisdiction over a dispute).  Whether each state law providing jurisdiction to public utility commissions vests primary jurisdiction in those commissions for determining the lawfulness and applicability of tariffs is a complicated fact-dependent question of law, not amenable to arguments, like Defendant's, which are made in passing in a footnote without reference to any particular state's laws.  Since it is not clear

that there is even a dispute over whether the tariffs are reasonable and valid, the Court will not dismiss the claim for declaratory relief based on Defendant's offhand mention of the possible primary jurisdiction of public utilities over the reasonableness and validity of the tariffs.

But the Court does agree with Defendant that the Declaratory Judgment Count is duplicative.  Indeed, Plaintiffs concede that it is duplicative.  (Pls.' Opp. Br. 4.)  Plaintiffs, however, mistakenly contend that duplicative claims are permitted under the pleading rules.  Plaintiffs conflate alternative pleading with redundant pleading.  Alternative pleading, which is permitted, allows a party to plead different theories of a claim when the relevant factual or legal issues differ, or they afford different relief.  Redundant pleading, which is not permitted, pleads as separate claims causes of action with identical elements and potential relief.  See, e.g, Sudul v. Computer Outsourcing Servs., 868 F. Supp. 59, 61 (S.D.N.Y. 1994) (holding that a redundant claim should be stricken because it contained the same elements as another claim); Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (striking redundant claims).  To the extent Plaintiffs are asking for declaratory judgment that, as set forth in Count I, the state tariffs require Defendant to pay Plaintiffs the full amount of the tariff, the declaratory judgment count merely duplicates Count I.

9

Although Plaintiffs concede that the claim for declaratory judgment is duplicative, the Court notes that the claim appears to also seek a declaration that Plaintiffs may collect these tariffs in the future, whereas the claim for damages is solely backward-facing.  However, Plaintiffs lack standing to bring a claim for declaratory judgment regarding future payments because there is no ripe controversy about whether Plaintiffs may collect the full amount of the tariff from this point forward.  See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127-133 (2007) (explaining justiciability requirements for declaratory judgment).  No party has raised any argument that the tariffs cannot be invoiced at their full amount going forward.  Thus, the Count will be dismissed to the extent it seeks a declaration of future rights that are not in dispute.

The Court may strike from a pleading any redundant matter.  Rule 12(f), Fed. R. Civ. P.  However, ordinarily, there is little point is striking a redundant claim, since a defendant can safely respond to only the claim which it duplicates.  In the Third Circuit, redundant pleadings will not be stricken unless the moving party can show some prejudice or confusion caused by the pleadings.  See Ehrhart v. Synthes, Civil Action No. 07-01237 (SDW), 2007 WL 4591276, at *3 (D.N.J. Dec. 28, 2007) (collecting cases).  Given Plaintiffs' admission that the declaratory judgment count duplicates Count I, and the fact that the Court

will dismiss the Count to the extent is seeks a declaration of future rights, there is no need to strike the pleading.

**IV. CONCLUSION**

Because Plaintiff amended the pleadings during the pendency of this motion, the Court will dismiss the time limitations aspect of the motion to permit Defendant to file it with regard to the new allegations and to support it with sufficient argument.  However, since the quasi-contract and declaratory judgment counts of the Amended Complaint remain the same as the initial Complaint, the Court will address those.  To the extent Plaintiffs have standing to bring it, Plaintiffs' claim for declaratory judgment is duplicated Count I of the Complaint, and although such redundant claims may be stricken, there is no need to so modify the pleadings at this point.  Therefore, Defendant's motion will be denied, but the Court will on its own accord dismiss that part of Plaintiffs' declaratory judgment claim seeking declaration of Plaintiffs' future rights.  The accompanying Order will be entered.


**June 20, 2011**                                           **s/ Jerome B. Simandle**
Date                                                         JEROME B. SIMANDLE
                                                             United States District Judge